**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Baskin,<br><br>    Plaintiff,<br><br>v.<br><br>Federal Home Mortgage Corporation, aka Freddie Mac,<br><br>    Defendant. | No. CV-12-08171-PHX-GMS<br><br>**ORDER** |

Pending before the Court is a Motion to Dismiss (Doc. 6) filed by Defendant Federal Home Mortgage Corporation ("Freddie Mac"). The Court grants the Motion for the reasons discussed below.

**FACTUAL BACKGROUND**

Plaintiff pro se John Baskin alleges that he owned real estate located at 477 W. General Crook Trail, Camp Verde, AZ 86322. (Doc. 1-1 ¶¶ 10, 16.) That property was sold at a Trustee Sale to Freddie Mac. (Doc. 6-1, Ex. 3.)[1] Baskin contends that Freddie

---

[1] Generally, a court may not consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6) Motion to Dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir.1990) (amended decision). This general rule, however, has two specific exceptions. First, a court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading," *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 986 (9th Cir. 1999) (alteration in original). Second, a court may take judicial notice of "matters of public record outside the pleadings." *Mack v. S. Bay Beer Distribs., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n. v. Solimino,* 501 U.S. 104 (1991). Even when considering a public record, however, judicial notice is limited to those facts that are "not

Mac lacks a valid interest in the property because there was a "split" in the ownership of the note and the Deed of Trust ("DOT") that voided the sale and the DOT's value as a security instrument. (Doc. 1-1 ¶¶ 16-26.) Baskin filed a Complaint against Freddie Mac in Yavapai County Superior Court on July 25, 2012. (Doc. 1-1.) In his Complaint, Baskin asserts a claim for Quiet Title. (*Id.* ¶¶ 22-26.) He claims that Freddie Mac has only an unperfected interest in the property and that Baskin's interest therefore takes priority. (*Id.*) Freddie Mac removed the case to this Court on August 23, 2012 (Doc. 1), and filed a Motion to Dismiss on August 29, 2012. (Doc. 6.)

## DISCUSSION

Freddie Mac moves to dismiss Baskin's Complaint on three grounds: it is barred by the doctrine of res judicata, it is barred by A.R.S. § 33-811, and the complaint fails to state a claim for quiet title. Because the Court determines that the claims raised in the Complaint are barred under res judicata, it declines to consider the other rationales.

Rule 8(c) of the Federal Rules of Civil Procedure denotes res judicata as an affirmative defense. Ordinarily, affirmative defenses may not be raised in a motion to dismiss. Res judicata, however, may be asserted in a motion to dismiss so long as it does not raise any disputed issues of fact. *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984); *Day v. Moscow,* 955 F.2d 807, 811 (2d Cir. 1992). Freddie Mac bases its res judicata argument on Baskin's Complaint in this case, the complaint in case number 3:11-cv-08083-FJM, and the Order granting defendants' motion to dismiss in that case. Thus, Freddie Mac's res judicata argument does not present any disputed issues of fact, and consideration of it on a motion to dismiss is appropriate.

In 2011, Judge Martone granted a Motion to Dismiss filed by Freddie Mac and Chase Home Finance LLC against Baskin. *See Baskin v. Chase Home Finance LLC*, No. CV 11–08083–PCT–FJM 2011 WL 4089513 (D. Ariz. Sept. 14, 2011). In that case, Baskin brought a similar action to nullify the trustee sale and regain lawful possession of

---

subject to reasonable dispute." Fed. R. Evid. 201(b). The Court takes judicial notice of the Notice of Trustee's Sale under these standards.

the Camp Verde property.[2] The court granted the motion, relying on A.R.S. § 33-811(C):

> Plaintiff filed his complaint more than a year after the notice of trustee's sale was recorded and almost a full month after the trustee's sale occurred. Under A.R.S. § 33–811(C), "[t]he trustor . . . waive[s] all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure." Plaintiff did not file a motion in state or federal court before the sale, much less obtain a court order for injunctive relief. By failing to comply with this statute, plaintiff waived his claim for relief. He alleges that he "never received proper Notice of Trustee Sale from the beneficial party in interest" but he does not allege that he received no notice at all. Indeed, even if he intended to allege a total lack of notice, the statute does not require the trustor to have actual notice of the sale. Thus, he waived any defenses or objections to the sale since he did not obtain injunctive relief before the sale date.

*Baskin*, 2011 WL 4089513 at *1 (internal citations omitted). Freddie Mac argues that this decision bars Baskin's claims here.

In its Notice of Removal, Freddie Mac noted two grounds for this Court's jurisdiction: diversity and federal question. In a diversity case, the res judicata principles of the forum state apply. *See Priest v. Am. Smelting & Refining Co.*, 409 F.2d 1229, 1231 (9th Cir. 1969). But in a federal question case, federal law governs. Because neither standard materially affects the outcome, only the federal standard is applied here. "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). Word-for-word similarity is not necessary to show identity of claims. "Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits. . . . [T]he relevant inquiry is whether they could have been brought." *United States ex rel. Barajas v. Northrop Corp.*,

---

[2] The address in the 2011 Complaint (Doc. 1-1 ¶ 1 in CV 11-08083-PCT-FJM) matches the address in the instant Complaint. The Court takes judicial notice of the 2011 Complaint as a public record whose contents are not subject to reasonable dispute.

- 3 -

147 F.3d 905, 909 (9th Cir. 1998).

For purposes of res judicata, the claims Baskin brings here are identical to those that were dismissed in 2011. Both lawsuits brought a claim for "Quiet Title." The relief Baskin sought in both cases was identical: he sought to void the trustee sale and gain clear title to his property. Baskin alleged in both lawsuits that Freddie Mac did not have a perfected interest in the Camp Verde property. The minor differences between the complaints are not sufficient to create different claims under res judicata principles. Any difference qualifies as a "ground[] of recovery that . . . could have been asserted," in the previous action. *Barajas*, 147 F.3d at 909.

The remaining elements of res judicata are also met. A Rule 12(b)(6) dismissal for failure to state a claim is a final judgment for purposes of res judicata. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) ("[A] dismissal for failure to state a claim under Rule 12(b)(6) is a judgment on the merits to which res judicata applies.") And Freddie Mac was a named defendant in the 2011 action. All of the elements necessary to invoke res judicata are present.

Even if this Court were to consider the Complaint, it fails to state a claim for the reasons discussed in the 2011 decision. A.R.S. § § 33–811(C) states that "[t]he trustor . . . waive[s] all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure." According to the allegations of the Complaint, a sale has already taken place, and indeed took place one month before Baskin filed his complaint in the 2011 action. *See Baskin*, 2011 WL 4089513 at *1. Baskin's claim comes far too late under Arizona law.

## CONCLUSION

Even a pro se litigant like Baskin cannot continuously litigate his claim against Freddie Mac. He raised essentially the same claim against Freddie Mac in 2011 and that claim was dismissed as a matter of law. That result has conclusive effect here. The dismissal is with prejudice because any amendment would be futile in light of the

1 | previous action.

2 |      **IT IS THEREFORE ORDERED** that Freddie Mac's Motion to Dismiss (Doc. 6)

3 | is **GRANTED** with prejudice. The Clerk of Court is directed to terminate this action.

4 |      Dated this 4th day of December, 2012.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge